WILLIAM M. CALDER, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24395. Promulgated January 23, 1951.

*Frederick A. Schutte, Esq.*, for the petitioner.
*Frank Cohen, Esq.*, for the respondent.

146

OPINION.

LeMire, *Judge:* Petitioner contends that he purchased the shares of stock in the corporation as a business investment and that he is, therefore, entitled to a long term capital loss deduction of $21,999 on the sale of the stock in 1944. He makes the alternative contention that, in any event, he is entitled to a deduction of such part of the loss as resulted from his investment in the noncooperative portion of the apartment building.

We think that petitioner's alternative contention suggests the right answer to our problem. To be entitled to deduct the loss in its entirety, petitioner must show that he purchased the stock for business, as distinguished from personal, reasons. That is, he would have to show that his sole, or predominant, motive was to make a profit on his investment rather than to provide a suitable place of residence for himself and his family.

The evidence, we think, fails to support that view. It shows, rather, that petitioner's motives were dual. His first consideration, we think, was to provide a family residence. He was engaged to be married and wanted to provide a family home. He thought that the limited cooperative apartment plan whereby the nonowner tenants would carry the burden of amortizing the mortgage on the property offered an investment opportunity that might ultimately result in a gain. He never expected to receive any dividends on the stock, and in fact did not, but he expected to profit from the reduction of maintenance costs to the owner tenants, and eventually from the disposal of his stock. Petitioner suggests that such an allocation should be made on the basis of the percentage of rental income expected to be derived from the rental of nonowner apartments, amounting to 47 per cent of the total expected income, and that, accordingly, 47 per cent of the loss should be allowed. We think that a more reasonable allocation as between petitioner's business investment and his personal investment can be made on the basis of the percentages of the rental values of owner and nonowner apartments. Petitioner could not have expected to realize any gain from the apartments leased to other owner tenants, since they occupied the same position that he did with respect to the project, but he did expect to profit from the rentals on the nonowner apartments. Since approximately 70 per cent of the apartments, in rental value, were intended for lease to owner tenants and 30 per cent to nonowner tenants, his investment was 70 per cent personal and 30 per cent business. He is, therefore, entitled to a long term capital loss deduction of 30 per cent of his $21,999 loss.

We have not overlooked the fact, which the parties have stipulated, that petitioner's stock in the corporation had only a nominal value of not more than $1 in 1941. However, the respondent did not disallow the loss deduction in 1944 for reason that the stock had become worthless in a prior year, and he does not take that position in this proceeding. Moreover, there is no evidence before us that the stock did not have value at the beginning of the taxable year 1944.

*Decision will be entered under Rule 50.*